## In re DAVENPORT DRY GOODS CO.

(District Court, S. D. Iowa, Davenport Division. November 2, 1925.)

**I. Bankruptcy ⬥151—Trustee takes title to property by operation of law, and has rights of execution creditor.**

Trustee in bankruptcy takes title to all property of bankrupt by operation of law, and has rights of an execution creditor, with legal or equitable lien.

**2. Courts ⬥359 — Whether there are taxes due and owing determinable by state law.**

Whether or not city or county has lien on property of bankrupt for taxes, and whether taxes are due and owing, within meaning of Bankruptcy Act, § 64a (Comp. St. § 9648), are questions determinable by laws of state.

**3. Bankruptcy ⬥346—City and county taxes, assessed shortly before filing of petition in bankruptcy, held not "legally due and owing," within Bankruptcy Act.**

Since, under Iowa law, taxes do not become due at least until levy is made, taxes assessed against property of bankrupt shortly before filing of petition in bankruptcy *held* not "legally due and owing," within Bankruptcy Act, § 64a (Comp. St. § 9648), requiring payment of taxes legally due and owing.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Legally Due.]

In Bankruptcy. In the matter of the Davenport Dry Goods Company, bankrupt. Tax claims by the City of Davenport and Scott County, Iowa, denied priority by referee, and report of referee confirmed.

In the matter of the tax claims for priority in behalf of the city treasurer of Davenport, and the county treasurer of Scott county, Iowa, for taxes on review, seeking reversal of order of referee. Order to show cause was issued by Referee Cooper and served upon the municipal treasurers.

The matter was heard and passed on by Referee Frank A. Cooper, who entered order and memorandum as follows.

"At Davenport, this 14th day of April, A. D. 1924, the matter herein came on for hearing on the motion of the trustee, at whose request an order to show cause was served on the treasurer of city of Davenport and treasurer of Scott county, which is the proper procedure by which such matter may be presented. In re Anderson (D. C.) 275 F. 397. In re Williams Oil Co. (D. C.) 265 F. 401.

"Bankrupt was adjudicated on an involuntary petition filed January 19, 1924. Receiver appointed; later trustee elected and appointed, who sold during February, 1924, stock of merchandise and fixtures, free and clear of all liens, per the orders of the court, and 40 per cent. dividend has been paid to creditors, and sufficient funds remain on hand.

"The assessor of the city of Davenport assessed on January 16, 1924, said stock of merchandise and fixtures at the value of $25,000, and on January 1, 1924, the county assessor likewise made assessment, naming the bankrupt as the owner or possessor of such stock.

"Section 64a of the Bankruptcy Law (Comp. St. § 9648) recites: 'The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court.' Taxes, if due and owing, must be ordered paid by the bankruptcy court. In re Baltimore Pearl Hominy Co. (D. C.) 294 F. 921.

[1] "The trustee (1) takes title to all the property of the bankrupt by operation of law, and (2) has the rights of an execution creditor, with legal or equitable lien.

[2] "Whether or not the city and county treasurer's claim for taxes is a lien, or whether or not it is due and owing, must be determined according to the laws of Iowa, as construed by its highest courts. Bird v. Richmond, 249 U. S. 174, 39 S. Ct. 186, 63 L. Ed. 543; New Jersey v. Anderson, 203 U. S. 483, 27 S. Ct. 137, 51 L. Ed. 284.

"Not much reliance can be placed upon In re Keller (D. C.) 109 F. 131, because it is apparent that the matter was not fully and properly presented to the court, and much said therein is overruled by the United States Supreme Court in the cases cited above, and by the Circuit Court in Burns v. Polk County, 247 F. 399. As said in New Jersey v. Anderson, supra: 'It is the province of the

court to enforce, not to make, the laws. * * * Is the claim a tax legally due and owing to the state? * * *' According to 'the weight of judicial decision' of that state, therefore, the rights of the municipal treasurers to collect the taxes assessed on this stock of merchandise must be determined according to the laws of Iowa.

"It is clear that no lien exists. Burns v. Polk County (C. C. A.) 247 F. 399. Therefore the question whether or not the alleged claim for taxes is legally due and owing by the bankrupt presents the only question.

[3] The entire matter of taxes is regulated by statute in Iowa, and is construed by the Supreme Court of this state. The Supreme Court of Iowa has held repeatedly that the taxes do not become due, at least until after the levy is made, and perhaps not until the books are placed in the hands of the treasurer. Castle, Trustee, v. Anderson et al., 69 Iowa, 430, 29 N. W. 400; Plymouth v. Moore, 114 Iowa, 700, 87 N. W. 662; Larson v. Hamilton, 123 Iowa, 486, 99 N. W. 133.

"If the Iowa Legislature intended to make taxes due and owing from the time of the assessment, it could make it such, and it appears to me that, if these claims for taxes should be paid, the claimants should intervene in all attachment suits, and warrants for taxes should issue after taxes are assessed in many cases, and taxes would then be collectable in advance at the beginning of the year, and there is no authority for such being the law in the state.

"It therefore follows that the trustee will not pay any claim for taxes in behalf of the claimants for the year 1924."

Realff Ottesen, Albert F. Block, and Bollinger & Block, all of Davenport, Iowa, for trustee.

Henry Thuenen, of Davenport, Iowa, for city treasurer.

John Weir, of Davenport, Iowa, for county treasurer.

WADE, District Judge. Without discussing the authorities in detail, I am forced to announce that the finding of the referee must be confirmed. This is not an action by the purchaser of the stock, nor is he a party to it. It is not based upon any covenant with the purchaser to pay any tax. It is based solely upon the duty of the trustee, as fixed by statute. Whatever the liability of the stock may be, or might have been, the trustee was not liable for any action of the assessor, or the taxing body, subsequent to the time the stock was sold. The trustee is not required to pay any taxes, except those "due and owing" by the bankrupt, or taxes assessed against him as trustee. This tax was not "due and owing"; it existed only in the existence of the power which had not yet been exercised.

Counsel for the trustee will prepare an order, and submit it to counsel for the company, who will have five days in which to file objections, and submit the same to the court for consideration, reserving proper exceptions.